NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0546n.06
Filed: September 5, 2008

No. 07-5587

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DAVID DIXON, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| STEVEN L. DONALD, individually, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |
| HELEN KAE EDWARDS, DONNA K. EDWARDS, | ) | |
| and SHERIFF JAMES L. BERRONG, in his official | ) | |
| capacity only, | ) | |
| | ) | |
| Defendants. | ) | |

---

BEFORE: COOK and GRIFFIN, Circuit Judges; and MARBLEY, District Judge.[*]

GRIFFIN, Circuit Judge.

Plaintiff David Dixon claims that he was injured when defendant Officer Steven L. Donald handcuffed him behind his back, despite his obvious and severe medical condition resulting from ten surgeries to his torso. Officer Donald asserts that he is entitled to qualified immunity as a matter of law. After the district court denied Donald's motion for summary judgment, Officer Donald filed this interlocutory appeal. Because we agree with the district court that this case turns on genuine

---

[*]The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

issues of material fact, and thus is inappropriate for summary judgment, we affirm the order of the lower court.

I.

Plaintiff David Dixon is severely disabled due to a necrotic injury to the right side of his upper torso that has required surgeries, skin transplants, and has resulted in obvious and severe scarring. His injuries are severe enough that he is receiving disability benefits from the Veterans' Administration.

Plaintiff resided on Hickory Nut Lane in Blount County, Tennessee. Hickory Nut Lane is a private road that connects with Acorn Drive, also a private road, which then connects with Ray Lane, a public road. Hickory Nut Lane and Acorn Drive are owned commonly by the adjacent landowners. Plaintiff and the Edwards defendants are deed holders possessing easement rights regarding these roads.

Dixon maintained the roads for many years, but in recent years had not done so because of his health. By 2005, the roads were in serious disrepair. In early 2005, plaintiff resumed working on the roads, and he did so with the knowledge and consent of a large number of the residents along both roads. Plaintiff began his road maintenance work in April 2005, but on April 17, 2005, was disrupted by defendant Donna Edwards who demanded that plaintiff and others cease work, claiming that she owned the road and plaintiff was trespassing. Dixon explained to her that there was an easement and right-of-way jointly owned by all residents. Edwards became irate and began cursing and threatening Dixon and others before calling the Blount County Sheriff's Department, which sent

an officer to the scene. The officer stated that he could not settle the dispute and advised Dixon to contact a lawyer before proceeding. Plaintiff contacted a lawyer who advised him that his maintenance of the roads was legal and he could continue the road maintenance.

On April 19, 2005, plaintiff resumed work on the roads. Soon thereafter, defendants Donna and Helen Edwards came onto the road, screamed and cursed at the plaintiff, and demanded that he cease work, reasserting their claim that they owned the road. Plaintiff stopped his tractor. While standing in the middle of the road, these defendants blocked the road so that plaintiff could not turn the tractor around. They informed plaintiff that they had again called the Sheriff's Department to accuse Dixon of trespassing. As the Edwardses continued yelling and cursing at Dixon, he restarted his tractor and drove around them.

Soon thereafter, defendant Officer Steven L. Donald arrived. Officer Donald talked first to Helen Edwards. Then Donald approached plaintiff, and plaintiff explained that he was maintaining a common right-of-way and showed Donald the deed. Donald looked at the deed and asked if it was "signed by a judge." Donald spoke with Donna Edwards, who accused plaintiff of attempting to run over Helen Edwards with the tractor. Helen Edwards then accused plaintiff of attempting to run over her with the tractor and stated that she was "in fear of her life." Officer Donald arrested plaintiff for aggravated assault. Dixon stated that he had not assaulted or threatened anyone and that several witnesses could corroborate his statement. Allegedly, Donald refused to talk to any of the witnesses or pay any attention to plaintiff's story.

When Officer Donald began to handcuff Dixon's hands behind his back, plaintiff informed Donald that he was disabled and asked Donald to handcuff him in front. Dixon suggested that Donald look at Dixon's injury and surgery site. Allegedly, Donald took a cursory look at it and sarcastically said that plaintiff "looked fine sitting on the farm tractor." Plaintiff again requested that Donald handcuff him in front, but Donald refused and cuffed plaintiff behind his back. Plaintiff contends that as a result of this handcuffing, he suffered an injury to his rotator cuff and great pain, requiring medical attention.

After handcuffing Dixon, Donald placed him in the police cruiser with the windows rolled up and the air conditioning off for approximately 30 minutes. When Donald transported plaintiff to jail, Dixon stated that he would not give Donald any trouble and again asked to be handcuffed in front. Donald refused. Donald told plaintiff that he would not be charged with aggravated assault. Instead, Dixon was charged with disorderly conduct and released on a $1,000 bond. The General Sessions Court for Blount County, Tennessee dismissed the charge against plaintiff.

Because he was handcuffed behind his back for such an extended period of time, plaintiff's shoulders and neck were allegedly injured. He was diagnosed with a torn rotator cuff and allegedly continues to endure pain and receive medical treatment since the injury. Dixon sued Officer Donald in his individual capacity, Sheriff Berrong in his official capacity, and Helen and Donna Edwards. Donald and Berrong filed motions for summary judgment. The district court granted summary judgment in favor of Berrong, but denied Donald's claim of qualified immunity, ruling that summary judgment was not warranted because of genuine issues of material fact. Donald then filed this

interlocutory appeal. Plaintiff moved to dismiss the appeal on the grounds that defendants seek an interlocutory appeal of factual, not legal, issues.

II.

Officer Donald asserts that he is entitled to qualified immunity as a matter of law. We disagree. Qualified immunity is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). *See also Scott v. Harris*, 127 S. Ct. 1769, 1774 n.2 (2007). To protect those claiming qualified immunity, the Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam). When reviewing an appeal from an order denying qualified immunity, we view the facts and draw all reasonable conclusions in the light most favorable to the party opposing summary judgment. *Saucier*, 533 U.S. at 201. This means adopting plaintiff's version of the facts.[1] *Scott*, 127 S. Ct. at 1775.

The Supreme Court has held that a defendant asserting qualified immunity "may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). Further, "the appellant must essentially 'concede the most favorable view of the facts to the plaintiff for purposes of the appeal.'" *Berryman v. Rieger*, 150 F.3d 561, 563 (6th Cir. 1998).

---

[1]Accordingly, the statement of facts recited in this opinion is adapted from plaintiff's affidavit filed in opposition to summary judgment.

In *Williams v. Mehra*, we recognized "the standard articulated by the Supreme Court: 'regardless of the district court's reasons for denying qualified immunity, we may exercise jurisdiction over the . . . appeal to the extent it raises questions of law.'" 186 F.3d 685, 689-90 (6th Cir. 1999) (en banc) (quoting *Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir. 1996)). Thus, in order to establish jurisdiction, we must determine whether the appeal presents a legal question.

Here, we conclude that this appeal presents a legal question. Viewing the facts in the light most favorable to plaintiff, we must decide whether the Constitution forbids a police officer from allegedly making a cursory examination of a severe and obvious medical injury and nevertheless choosing to handcuff an arrestee in a manner likely to cause serious harm. We answer this question in the affirmative: absent exigent circumstances, an officer choosing to handcuff a peaceable arrestee in a manner likely to cause serious harm amounts to excessive force. Because Officer Donald cannot prevail on this *legal* issue, we affirm the district court's order. To the extent that Donald is arguing the existence of exigent circumstances, the nonobvious nature of Dixon's injuries, or the reasonableness of his approach, he is raising genuine issues of material fact that *Johnson* prohibits us from reviewing.

### III.

### A.

The first step in the qualified immunity analysis is whether the facts construed in the light most favorable to plaintiff show a violation of a constitutional right. *Scott*, 127 S. Ct. at 1774; *Livermore v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007). Dixon claims that Donald violated his

constitutional rights in two ways. First, Dixon argues that Donald used excessive force by handcuffing him behind his back, despite his injuries, resulting in a torn rotator cuff. Second, Dixon argues that Donald lacked probable cause for the arrest.

Officer Donald argues that plaintiff cannot show a violation of a constitutional right because "there is no constitutional right for a person to be handcuffed in front of his body instead of behind his body," and there "is no law in the 6th Circuit stating that a suspect has the right to tell an officer how he wants to be handcuffed." This misstates the issue. Dixon is not arguing that he has a constitutional right to choose the position in which he is handcuffed. He is merely asserting that he has a constitutional right to be free from excessive force. In this regard, "it is well-established that individuals have the right to be free from excessive force during an arrest." *Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Solomon v. Auburn Hills Police Dept.*, 389 F.3d 167, 173 (6th Cir. 2004)). We have held that a "claim of excessive force in the context of 'an arrest, investigatory stop, or other seizure' is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Baker*, 471 F.3d at 606 (quoting *Graham*, 490 U.S. at 388). Specifically, we subject allegations of injuries stemming from handcuffs to excessive force analysis. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 638-42 (6th Cir. 2001).

Donald notes correctly that an officer does not have to credit everything that an arrestee tells him during the course of a handcuffing, and that he "was not required to handcuff Mr. Dixon in front of his body simply because the plaintiff asked him to." To support his argument, Donald relies on

*Rodriguez v. Farrell*, 294 F.3d 1276, 1277-78 (11th Cir. 2002).  In *Rodriguez*, a police officer was accused of causing unreasonable pain to an injured arrestee when he handcuffed him behind his back.  *Id*.  The Eleventh Circuit noted that there was no visible sign of injury to Rodriguez and held that the officer was entitled to qualified immunity.  Donald noted at the time of Dixon's arrest that Dixon did not "appear to have any significant physical limitations" while driving the tractor and that "Dixon did not have any obvious injury that would make handcuffing behind the back painful."  However, as shown by the photographs in the record, Dixon has significant and obvious injuries to his torso.  Dixon alleges that Donald only made a cursory examination of his injuries before concluding that he would handcuff Dixon behind his back because he did not appear to be injured while riding the tractor.  The district court concluded that the extent of Dixon's pain while being handcuffed was a fact question.  Given the severity of Dixon's injuries, as shown in the photographs, we agree.

Donald also asserts that the district court erred by not ruling that he was entitled to qualified immunity on Dixon's claim of arrest without probable cause.  Dixon argues that the district court did not analyze this issue because Donald did not raise it below.  Although the district court gratuitously noted that "[w]ith respect to the claim of arrest without probable cause, it is beyond dispute that it has long been established that such an arrest is unconstitutional," our review of the record establishes that Dixon is correct.  Donald filed a motion for summary judgment and a memorandum in support of that motion.  However, the closest he came to mentioning Dixon's claim of arrest without probable cause is in the opening sentence of his memorandum where he states that

"[p]laintiff's suit in Federal Court basically claims that the Defendant, Steve L. Donald, individually (and other Defendants) violated his rights secured by the Fourth and Fourteenth Amendments to the U.S. Constitution." We conclude that this general and solitary statement does not adequately preserve this issue for appeal, and therefore this argument is not properly before us. *See J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir. 1991) ("issues not presented to the district court but raised for the first time on appeal are not properly before this court.").

B.

Because we conclude that plaintiff has alleged facts supporting a constitutional violation regarding the handcuffing, the next question is whether the right at issue was clearly established. There is no doubt that the law is clearly established that individuals have the right to be free from excessive force during an arrest. *Graham*, 490 U.S. at 388; *Baker*, 471 F.3d at 606; *Solomon*, 389 F.3d at 173. It is also clearly established that arrestees have a right to be free from being handcuffed in a manner that causes unnecessary injury. *Kostrzewa*, 247 F.3d 633, 639 (6th Cir. 2001); *Martin v. Heideman*, 106 F.3d 1308, 1312-13 (6th Cir. 1997); *Walton v. City of Southfield*, 995 F.2d 1331, 1342 (6th Cir. 1993). Accordingly, we hold that this prong has also been met.

IV.

For the reasons stated herein, we affirm the order of the district court.

COOK, Circuit Judge, dissenting.  Because in my estimation this qualified immunity question turns on genuine issues of material fact, I would hold that, under *Johnson v. Jones*, 515 U.S. 304 (1995), the panel lacks jurisdiction.  *See id.* at 319–20.   I thus respectfully dissent.